IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | |
|---|---|
| TERRY SARGENT and JINHONG SARGENT Individually; and TERRY SARGENT as Parent and Next Friend of M. S. and E. S., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | NO. 3:20-cv-00004 <br><br> COMPLAINT |

## JURISDICTION, PARTIES AND VENUE

1. The action arises under the Federal Tort Claims Act; 28 U.S.C. §2671-2680, 28 U.S.C. §1346(b); 28 U.S.C. §1402(b); and 28 U.S.C. §2401(b).

2. Terry Sargent and Jinhong Sargent are husband and wife and the natural parents of M.S. and E. S., minors, and are residents of Tiffin, Johnson County, Iowa.

3. At all times material hereto, the United States of America, through its agent the Department of Veterans' Affairs d/b/a Iowa City VA Health Care System ("ICVA") employed or had acting as an agent Roland A. Torres, M.D. ("Dr. Torres") a physician licensed to practice medicine in Iowa City, Johnson County, Iowa as well as other doctors, nurses, and health care providers who provided care and treatment to Terry Sargent in Iowa City, Johnson County, Iowa. These employees and/or agents acted at all times material to this action on behalf of

their employer and/or principle, the United States of America, and within the scope of their employment or agency.

4.      On December 26, 2018, a federal tort claim was received by Office of General Counsel of the Department of Veteran's Affairs on behalf of the Plaintiffs in the above-captioned mater.  An amended tort claim was forwarded to the Office of General Counsel of the Department of Veteran's Affairs on March 15, 2019.

5.      On July 11, 2019, The Department of Health & Human Services denied Plaintiffs' federal tort claim.

6.      Venue is appropriately placed here under 28 U.S.C. §1402(b).

## STATEMENT OF THE FACTS

7.      On January 19, 2017, Terry Sargent presented to Dr. Torres at the ICVA for an evaluation of a 2-year duration of progressively worsening unsteadiness on his feet that led to frequent falling, about twice a month.

8.      Terry Sargent also had lower back pain that radiated to his left leg, and paresthesias that reached the internal aspect of his left foot, which caused one fall.

9.      Terry Sargent first noticed blisters on his superior surface of his toes and replaced his shoes every three months due to rapid wear.

10.     Terry Sargent walked more on the lateral sides of his feet, which was more prominent on his left foot, because it was uncomfortable to walk another way.

11.   Terry Sargent experienced dull pain in both feet that worsened the longer he stood and was up and about.   Terry Sargent also had left hand and foot numbness.   A prior cervical and lumbar CT reported diffuse idiopathic skeletal hyperostosis.

12.   Dr. Torres's assessment indicated Terry Sargent had "a cervical spondyloitic myelopathy.   Will most likely require a posterior cervical decompression at C2/3 and C3/4."

13.   Dr. Torres ordered a cervical CT-myelogram.

14.   On February 9, 2017, Terry Sargent had a CT Cervical Myelogram performed by John R. Wilcox, Staff Radiologist at the ICVA.   This study was compared to a CT scan dated 7/6/2016.   Dr. Derek W. Savells, Staff Radiologist at the ICVA interpreted the study and wrote as his impression: (1) Severe multilevel cervical spine degenerative changes.   This includes changes of DISH/OPLL superimposed upon borderline congenital cervical spinal stenosis.   This results in moderate to severe spinal stenosis with myelomalacia at the odontoid process/posterior C1 arch level as well as severe spinal stenosis at the C3-C4 disc level.   Additional mild to moderate final stenosis throughout the cervical spine. 2. Multilevel uncovertebral spurring with facet hypertrophy/facet ankyloses resulting in severe right-sided neuroforaminal narrowing at C3-C4, C4-C5, C5-C6, C6-C7 and on the left at C5-C6 and C6-C7.

15.   Terry Sargent consented to a occipital-C5 decompression and fusion to be performed by Dr. Torres on March 17, 2017 at the ICVA.

16.     On March 17, 2017, Dr. Torres, instead, performed a C/2-C/4 posterior decompression and fusion at the ICVA.  Terry Sargent was discharged on March 21, 2017.

17.     Terry Sargent had post-operative admissions to the ICVA for continued symptomology and frequent falls.

18.     Terry Sargent had a repeat CT Cervical Myelogram on May 11, 2017 at the ICVA. Dr. John R. Wilcox, Staff Radiologist interpreted the study and wrote as his impression: 1. Bipedicle posterior fusion laminectomy C2-C3. 2. Decompression of spinal canal stenosis from C2-C4. 3. Persistent severe osteophytic narrowing of multiple neural foramina. 4. The remainder of the cervical spine is unchanged from the previous exam.

19.     On May 17, 2017, Terry Sargent saw Dr. John H. Schneider for follow-up at the ICVA.  Terry Sargent reported that after what was scheduled to be an occiput through C5 posterior cervical decompression and fusion, he has developed a profound right hemiparesis.  This affected the upper extremity more than the lower extremity.  His balance worsened, but most significantly, his right upper extremity weakness and dysfunction has progressed.  Dr. Schneider's impression stated: "The patient has postoperatively what appears to be a central cord syndrome with myelopathy and upper extremity weakness with right side being affected much more than the left.  He is in dire neurological distress relative to the ongoing compression of his cervical spinal cord.  We had a very lengthy discussion.  It is certainly possible that his neurological condition has worsened

postoperatively just from the effects of anesthesia and manipulation of the spine during the fusion construct.  I did review the operative note as I know Dr. Torres, based upon his preoperative consent and even in his operative note had planned on doing a C1 laminectomy, but for some reason in his judgment, this was not performed.  It is at this level the occipital-C1 junction that the high-grade stenosis exists without evidence of severe instability or incapacity of the transverse ligament."  Dr. Schneider recommended surgery "for revision decompression and arthrodesis to include the occipital base.  He does need a wide cervical laminectomy at C1 and may need C1 lateral mass screws with occipital screw fixation."

20.    Dr. Schneider noted in an addendum dated May 22, 2017 that Terry Sargent "should be considered temporary totally impaired from his ability to work or perform ADL beginning from the date of original surgery March 17, 2017 and on-going.  This is expected to take over one year to determine what his permanent disfunction and neurological loss of function is permanent.  The patient is not expected to recover adequate neurological function to return to work in any capacity before this one year, March 21, 2018.  He is restricted from lifting >5 lbs. only with his left arm and he requires use of either walker or cane at all times. He has lost the use of his dominant arm and cannot write with his left arm or use a computer with either arm."

21.   Dr. Schneider discussed the upcoming surgery with Terry Sargent and his wife on May 31, 2017 at the ICVA and Terry Sargent consent to proceeding with the surgery.

22.   Dr. Schneider performed: (1) posterior cervical revision laminectomy, C2-C4 with nerve root and spinal cord decompression, C1 laminectomy with decompression of cervicomedullary junction (2) exploration and explant of previous C2,C3, and C4 hardware bilaterally with confirmation of pseudartrosis (3) intraoperative o-arm fluoroscopic guided posterior occipitocervical fixation using Medtronic Vertex select system with segmental fixation occiput to C4 (4) morcellized autograft and allograft bone for onlay intertransverse and facet arthrodesis occiput to C4 on June 20, 2017 at the ICVA.

23.   Terry Sargent recovered some function after Dr. Schneider's surgery.  Terry Sargent is able to walk short distances unassisted, but due to his balance issues typically uses a walker or cane.  Terry Sargent is unable to drive an automobile, thus he is dependent on others for transportation.  Terry Sargent is able to raise his left arm to 145 degrees, but his right arm only to 108 degrees.  Terry Sargent is able to hold a pen in his right hand and sign his name legibly, but cannot use a computer due to loss of his hand fine motor skills.

24.   Terry Sargent has been declared disabled by the Social Security Administration and began receiving social security disability in September 2017.

25.   On February 15, 2018, Terry Sargent had his wife, Jinhong, met with Dr. Cullen, Iowa City Veterans Administration Medical Center Chief of Surgery, Dr. Brady,

Acting Chief of Staff, Natalie Good, Chief of Quality Management and Donnie Morlan, Risk Manager.   The discussion points of the unanticipated outcome provided, "Dr. Cullen discussed that the wrong area of this patient's neck was operated on requiring the patient to return for the second operation.   He also discussed that this patient's outcome was not the standard of care.   Dr. Brady apologized on behalf of the organization and offered any further assistance as available."

## CAUSES OF ACTION

### DIVISION I:  UNITED STATES OF AMERICA (DR. TORRES)

### NEGLIGENCE

### Count 1:  Terry Sargent

Terry Sargent for his cause of action against the United States of America through its employee or agent Dr. Torres, states:

26.    Plaintiff hereby incorporates by reference paragraphs 1-25 herein.

27.    From the time that Terry Sargent was first seen by Dr. Torres until he was discharged from his care, it was Dr. Torres's duty to provide Terry Sargent with proper medical examinations, diagnoses, treatment, care and attention and a continuous doctor-patient relationship.  Dr. Torres negligently failed to perform this duty.

28.    Dr. Torres was negligent in that he failed to bring to the service of Terry Sargent that degree of knowledge, skill, care and attention ordinarily possessed and exercised by similar physicians under like circumstances.

29.     Dr. Torres was negligent in:

   a)      failing to operate on the correct level of Terry Sargent's spine;

   b)      failing to perform the proper operation given Terry Sargent's symptoms
           and test results;

   c)      failing to properly treat and care for Terry Sargent's medical condition;
           and

   d)      based on other facts as determined by the discovery process.

30.     As a direct and proximate result of the negligence of the United States of
        America through its employee or agent Dr. Torres, Terry Sargent:

   a)      has suffered and in the future will suffer physical pain and mental pain
           and suffering;

   b)      has suffered and in the future will suffer loss of full body and mind;

   c)      has suffered and in the future will suffer lost time and employment;

   d)      incurred medical expenses over and above those otherwise necessary;

   e)      will in the future incur medical expenses;

   f)      lost the present worth and opportunity to receive early and proper care
           and treatment for his condition and a chance of realizing any resulting
           gain in life expectancy and physical and mental comfort; and

   g)      sustained other damages.

   WHEREFORE, Terry Sargent prays for judgment against the United States of
America in the amount of seven million dollars ($7,000,000) to compensate him for his
damages together with costs and interest as provided by law.

### Count 2:  Jinhong Sargent

Jinhong Sargent, as wife of Terry Sargent, for her cause of action against the United State of America through its employee or agent Dr. Torres, states:

31.     Plaintiff hereby incorporates by reference paragraphs 1-25 and 27-29 herein.

32.     As a direct and proximate result of the negligence of the United State of America through its employee or agent Dr. Torres, Jinhong Sargent, has:

    a)      been deprived of the services, companionship and society of her husband, Terry Sargent;

    b)      will in the future be deprived of the services, companionship and society of her husband, Terry Sargent; and

    c)      incurred other damages.

WHEREFORE, Jinhong Sargent prays for judgment against the United States of America in an amount of one million dollars ($1,000,000) to compensate her for her damages together with costs and interest as provided by law.

### Count 3:  Terry Sargent, as Parent and Next Friend of M. S.

Terry Sargent, as Parent and Next Friend of M. S. for her cause of action against the United States of America through its employee or agent Dr. Torres, states:

33.     Plaintiff hereby incorporates by reference paragraphs 1-25 and 27-29 herein.

34.     As a direct and proximate result of the negligence of the United States of America through its employee or agent Dr. Torres, M. S. has been and will in the

future be deprived of the support, aid, society, comfort and companionship of her father.

WHEREFORE, Terry Sargent, as parent and next friend of M. S., prays for judgment against the United States of America in an amount of one million dollars ($1,000,000) to compensate her for her damages, together with costs and interest as provided by law.

### Count 4:  Terry Sargent, as Parent and Next Friend of E. S.

Terry Sargent, as Parent and Next Friend of E. S. for his cause of action against the United States of America through its employee or agent Dr. Torres, states:

35.    Plaintiff hereby incorporates by reference paragraphs 1-25 and 27-29 herein.

36.    As a direct and proximate result of the negligence of the United States of America through its employee or agent Dr. Torres, E. S. has been and will in the future be deprived of the support, aid, society, comfort and companionship of his father.

WHEREFORE, Terry Sargent, as parent and next friend of E. S., prays for judgment against the United State of America in an amount of amount of one million dollars ($1,000,000) sufficient to compensate E. S. for his damages, together with costs and interest as provided by law.

## DIVISION II:  THE UNITED STATES OF AMERICA (ICVA)

## NEGLIGENCE

### Count 1:  Terry Sargent

Terry Sargent for his cause of action against the United States of America through its representative, employee or agent ICVA, states:

37.    Plaintiffs hereby incorporate by reference paragraphs 1-25 herein.

38.    From the time that Terry Sargent was first seen by ICVA through its agents, representatives, officers and/or employees, until he left the care of ICVA, it was the duty of ICVA, by and its agents, representatives, officers and/or employees, to provide Terry Sargent with proper medical examinations, diagnoses, treatment, care and attention and a continuous doctor-patient relationship. ICVA, through its servants, employees and/or agents negligently failed to perform this duty.

39.    ICVA, through its servants, employees and/or agents was negligent  in that it failed to bring to the service of Terry Sargent that degree of knowledge, skill, care and attention ordinarily possessed and exercised by similar physicians under like circumstances.

40.    ICVA, through its agents, representatives and/or employees, was negligent in:

a)      failing to operate on the correct level of Terry Sargent's spine;

b)      failing to perform the proper operation given Terry Sargent's symptoms and test results;

c)   failing to properly treat and care for Terry Sargent's medical condition; and

d)   based on other facts as determined by the discovery process.

41.   ICVA is liable for the negligent acts of its employees who provided services or failed to provide services to Terry Sargent under the doctrines of respondeat superior, corporate liability and ostensible agency.

42.   As a direct and proximate result of the negligence of the negligence of the United States of America through its employee or agent ICVA, Terry Sargent:

a)   has suffered and in the future will suffer physical pain and mental pain and suffering;

b)   has suffered and in the future will suffer loss of full body and mind;

c)   has suffered and in the future will suffer lost time and employment;

d)   incurred medical expenses over and above those otherwise necessary;

e)   will in the future incur medical expenses;

f)   lost the present worth and opportunity to receive early and proper care and treatment for his condition and a chance of realizing any resulting gain in life expectancy and physical and mental comfort; and

g)   sustained other damages.

WHEREFORE, Terry Sargent prays for judgment against The United States of America in the amount of seven million dollars ("$7,000,000") to compensate him for his damages, together with costs and interest as provided by law.

### Count 2:  Jinhong Sargent

Jinhong Sargent, as wife of Terry Sargent, for her cause of action against the United States of America through its employee or agent ICVA, states:

43.  Plaintiff hereby incorporates by reference paragraphs 1-25 and 38-41 herein.

44.  As a direct and proximate result of the negligence of the United States of America through its employee or agent ICVA, Jinhong Sargent has:

   a)  been deprived of the services, companionship and society of her husband, Terry Sargent;

   b)  will in the future be deprived of the services companionship and society of her husband, Terry Sargent; and

   c)  incurred other damages.

WHEREFORE, Jinhong Sargent prays for judgment against the United States of America in an amount of one million dollars ($1,000,000) to compensate her for her damages together with costs and interest as provided by law.

### Count 3:  Terry Sargent as Parent and Next Friend of M. S.

Terry Sargent, as Parent and Next Friend of M. S. for her cause of action against the United States of America through its employee or agent ICVA, states:

45.  Plaintiff hereby incorporates by reference paragraphs 1-25 and 38-41 herein.

46.  As a direct and proximate result of the negligence of the United States of America through its employee or agent ICVA, M. S. has been and will in the

future be deprived of the support, aid, society, comfort, and companionship of her father.

WHEREFORE, Terry Sargent, as parent and next friend of M. S. prays for judgment against the United States of America in an amount of one million dollars ($1,000,000) to compensate for M. S. for her damages, together with costs and interest as provided by law.

### Count 4:  Terry Sargent as Parent and Next Friend of E. S.

Terry Sargent, as Parent and Next Friend of E. S. for his cause of action against the United States of America through its employee or agent ICVA, states:

47.   Plaintiff hereby incorporates by reference paragraphs 1-25 and 38-41 herein.

48.   As a direct and proximate result of the negligence of the United States of America through its employee or agent ICVA, E. S. has been and will in the future be deprived of the support, aid, society, comfort, and companionship of his father.

WHEREFORE, Terry Sargent, as parent and next friend of E. S. prays for judgment against the United States of America in an amount of one million dollars ($1,000,000) to compensate E. S. for his damages, together with costs and interest as provided by law.

## DIVISION III:  THE UNITED STATES OF AMERICA (ICVA)

## NEGLIGENT HIRING, SUPERVISION AND/OR RETENTION

### Count 1:  Terry Sargent

Terry Sargent for his cause of action against the United States of America through its representative, employee or agent ICVA, states:

49.     Plaintiffs hereby incorporate by reference paragraphs 1-25 herein.

50.     It was the duty of the United States of America through its agent or employee ICVA to exercise reasonable care in the selection of the physicians it granted medical staff surgical privileges to for treatment of patients, including Terry Sargent.  United States of America through its agent or employee ICVA negligently failed to perform these duties by granting Dr. Torres privileges.

51.     While practicing, pursuant to negligently granted medical staff privileges, Dr. Torres breached the applicable standard of medical care while performing surgery on Terry Sargent.

52.     The United States of America through its agent or employee ICVA is vicariously liable for the negligent acts of its servants, employees, and/or agents under the doctrine of respondent superior, corporate liability, and ostensible agency.

53.     As a direct and proximate result of the negligence of the negligence of the United States of America through its employee or agent ICVA, Terry Sargent:

   a)     has suffered and in the future will suffer physical pain and mental pain and suffering;

   b)     has suffered and in the future will suffer loss of full body and mind;

c)  has suffered and in the future will suffer lost time and employment;

d)  incurred medical expenses over and above those otherwise necessary;

e)  will in the future incur medical expenses;

f)  lost the present worth and opportunity to receive early and proper care and treatment for his condition and a chance of realizing any resulting gain in life expectancy and physical and mental comfort; and

g)  sustained other damages.

WHEREFORE, Terry Sargent prays for judgment against The United States of America in the amount of seven million dollars ("$7,000,000") to compensate him for his damages, together with costs and interest as provided by law.

### Count 2:  Jinhong Sargent

Jinhong Sargent, as wife of Terry Sargent, for her cause of action against the United States of America through its employee or agent ICVA, states:

54.  Plaintiff hereby incorporates by reference paragraphs 1-25 and 50-52 herein.

55.  As a direct and proximate result of the negligence of the United States of America through its employee or agent ICVA, Jinhong Sargent has:

a)  been deprived of the services, companionship and society of her husband, Terry Sargent;

b)  will in the future be deprived of the services companionship and society of her husband, Terry Sargent; and

c)  incurred other damages.

WHEREFORE, Jinhong Sargent prays for judgment against the United States of America in an amount of one million dollars ($1,000,000) to compensate her for her damages together with costs and interest as provided by law.

### Count 3:  Terry Sargent as Parent and Next Friend of M. S.

Terry Sargent, as Parent and Next Friend of M. S. for her cause of action against the United States of America through its employee or agent ICVA, states:

56.   Plaintiff hereby incorporates by reference paragraphs 1-25 and 50-52 herein.

57.   As a direct and proximate result of the negligence of the United States of America through its employee or agent ICVA, M. S. has been and will in the future be deprived of the support, aid, society, comfort, and companionship of her father.

WHEREFORE, Terry Sargent, as parent and next friend of Marguerite Sargent prays for judgment against the United States of America in an amount of one million dollars ($1,000,000) to compensate for M. S. for her damages, together with costs and interest as provided by law.

### Count 4:  Terry Sargent as Parent and Next Friend of E. S.

Terry Sargent, as Parent and Next Friend of E. S. for his cause of action against the United States of America through its employee or agent ICVA, states:

58.   Plaintiff hereby incorporates by reference paragraphs 1-25 and 50-52 herein.

59.   As a direct and proximate result of the negligence of the United States of America through its employee or agent ICVA, E. S. has been and will in the

future be deprived of the support, aid, society, comfort, and companionship of his father.

WHEREFORE, Terry Sargent, as parent and next friend of E. S. prays for judgment against the United States of America through its employee or agent ICVA, in an amount of one million dollars ($1,000,000) to compensate E. S. for his damages, together with costs and interest as provided by law.

## DIVISION IV:  THE UNITED STATES OF AMERICA (ICVA)

## NEGLIGENT CREDENTIALING

### Count 1:  Terry Sargent

Terry Sargent for his cause of action against the United States of America through its representative, employee or agent ICVA, states:

60.  Plaintiffs hereby incorporate by reference paragraphs 1-25 herein.

61.  It was the duty of the United States of America through its representative, employee or agent ICVA to exercise reasonable care in the selection of the physicians it granted medical staff surgical privileges to for treatment of patients, including Terry Sargent. The United States of America through its employee or agent ICVA negligently failed to perform these duties by granting Dr. Torres privileges.

62.  While practicing, pursuant to negligently granted medical staff privileges, Dr. Torres breached the applicable standard of medical care while performing surgery on Terry Sargent.

63.   Unites States of America through is employee or agent ICVA is liable for the negligent acts of its employees who provided services or failed to provide services to Terry Sargent under the doctrines of respondeat superior, corporate liability and ostensible agency.

64.   As a direct and proximate result of the negligence of the negligence of the United States of America through its employee or agent ICVA, Terry Sargent:

a)   has suffered and in the future will suffer physical pain and mental pain and suffering;

b)   has suffered and in the future will suffer loss of full body and mind;

c)   has suffered and in the future will suffer lost time and employment;

d)   incurred medical expenses over and above those otherwise necessary;

e)   will in the future incur medical expenses;

f)   lost the present worth and opportunity to receive early and proper care and treatment for his condition and a chance of realizing any resulting gain in life expectancy and physical and mental comfort; and

g)   sustained other damages.

WHEREFORE, Terry Sargent prays for judgment against The United States of America in the amount of seven million dollars ("$7,000,000") to compensate him for his damages, together with costs and interest as provided by law.

## Count 2:  Jinhong Sargent

Jinhong Sargent, as wife of Terry Sargent, for her cause of action against the United States of America through its employee or agent ICVA, states:

65. Plaintiff hereby incorporates by reference paragraphs 1-25 and 61-63 herein.

66. As a direct and proximate result of the negligence of the United States of America through its employee or agent ICVA, Jinhong Sargent has:

    a) been deprived of the services, companionship and society of her husband, Terry Sargent;

    b) will in the future be deprived of the services companionship and society of her husband, Terry Sargent; and

    c) incurred other damages.

WHEREFORE, Jinhong Sargent prays for judgment against the United States of America in an amount of one million dollars ($1,000,000) to compensate her for her damages together with costs and interest as provided by law.

### Count 3:  Terry Sargent as Parent and Next Friend of M. S.

Terry Sargent, as Parent and Next Friend of M. S. for her cause of action against the United States of America through its employee or agent ICVA, states:

67. Plaintiff hereby incorporates by reference paragraphs 1-25 and 61-63 herein.

68. As a direct and proximate result of the negligence of the United States of America through its employee or agent ICVA, M. S. has been and will in the future be deprived of the support, aid, society, comfort, and companionship of her father.

WHEREFORE, Terry Sargent, as parent and next friend of M. S. prays for judgment against the United States of America in an amount one million dollars

($1,000,000) to compensate for M. S. for her damages, together with costs and interest as provided by law.

### Count 4:  Terry Sargent as Parent and Next Friend of E. S.

Terry Sargent, as Parent and Next Friend of E. S. for his cause of action against the United States of America through its employee or agent ICVA, states:

69.     Plaintiff hereby incorporates by reference paragraphs 1-25 and 61-63 herein.

70.     As a direct and proximate result of the negligence of the United States of America through its employee or agent ICVA, E. S. has been and will in the future be deprived of the support, aid, society, comfort, and companionship of his father.

WHEREFORE, Terry Sargent, as parent and next friend of E. S. prays for judgment against the United States of America in an amount of one million dollars ($1,000,000) to compensate E. S. for his damages, together with costs and interest as provided by law.

HAYES LORENZEN LAWYERS PLC

By_____

        James P. Hayes            AT0003309

        jhayes@hlplc.com

By_____

        Mike H. Biderman          AT0011133

        mbiderman@hlplc.com

By _____

    Karen A. Lorenzen       AT0004862
    klorenzen@hlplc.com
    Plaza Centre One, Suite 580
    125 S. Marshalltown Street
    Iowa City, IA 52240
    Phone: (319) 887-3688

ATTORNEYS FOR PLAINTIFFS